UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL HOLMES,<br><br>    Defendant. | Case No. 95-cr-40003-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  This matter is before the Court on its own initiative to sanction attorney Kevin M. Schad pursuant to Rule 11 of the Federal Rules of Civil Procedure.  On October 3, 2007, the Court entered an order for Schad to show cause why he should not be sanctioned for filing a legally frivolous motion (Doc. 281).  Schad responded on October 5, 2007 (Doc. 282).  The Court is not satisfied with the explanation given by Schad, and accordingly sanctions him in the amount of $500.00.

  The Federal Rules of Civil Procedure state, "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed," Fed. R. Civ. Pro. 11(c)(3), and the "sanction imposed. . . shall be limited to what is sufficient to deter repetition of such conduct. . . ." Fed. R. Civ. Pro. 11(c)(2).  The conduct which the Court has determined constitutes a violation of Rule 11 is as follows.

  Petitioner Michael Holmes, proceeding pro se, twice filed mislabeled and unauthorized successive applications for writs of habeas corpus under 28 U.S.C. § 2255 seeking to vacate his sentence, which was imposed after a jury found him guilty more than twelve years ago.  Upon

dismissing his second successive § 2255 motion, the Court warned Holmes that further collateral attacks filed without first seeking and obtaining Seventh Circuit authorization could subject him to monetary sanctions.

Recently, Holmes retained Schad to represent him in attempting to overturn his conviction.  Despite the clear three-year time limit imposed by Rule 33 of the Federal Rules of Criminal Procedure, Schad attempted to file a motion for a new trial based on so-called newly discovered evidence.[1]  The Court construed the motion as a mislabeled successive § 2255 motion; one filed without first seeking and obtaining Seventh Circuit authorization.  The Court then ordered Schad to show cause why he should not be sanctioned for making a frivolous filing.

In his answer to the Court's order to show cause, Schad asserts that the filing was in good faith because the law in the Seventh Circuit "seems to be unsettled as to the proper vehicle to use for this type of evidence."  To the contrary, the Seventh Circuit, like all federal circuits, follows the federal rules.  The federal rules say, "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(1).  Schad's assertion is wholly without merit, and seems to be based on a misreading of case law which indicates that newly discovered evidence, without some other contention of actual innocence, may be insufficient to support a successful § 2255 motion.

Schad additionally faults his client for his mistaken filing, because his client did not tell him of the Court's order threatening monetary sanctions for successive unapproved § 2255 filings.  The Court first notes that Schad admits that the Court's order was in the record and that

---

[1] Although Schad cited cases that interpret Rule 33, Schad himself never mentioned the rule in his motion.

he had access to that record.  Additionally, the Court notes it was Schad's responsibility, as Holmes's attorney, to ascertain that his filing could not meet the requirements of Rule 33 and could only be construed as a successive § 2255 motion.  Finally, the Court notes that such a successive filing, made without prior authorization from the Seventh Circuit, would be improper even without the Court's order threatening monetary sanctions.

In conclusion, the Court finds the aforementioned conduct violates Rule 11 of the Federal Rules of Civil Procedure because the conduct could have been avoided with even minimal research into either the record of the case or the law.  In order to ensure that Schad does not engage in such conduct in the future, the Court **ORDERS** Schad to pay a **penalty to the Clerk of Court in the amount of $500.00** within 30 days from the entry of this Order.

**IT IS SO ORDERED.**
**DATED: October 19, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**